# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| GETHSEMANE POLK | Civil Action No. 6:22-1357 (Lead) |
| | Civil Action No. 22-1392 (Member) |
| | Civil Action No. 22-1582 (Member) |
| versus | Judge Robert R. Summerhays |
| MALEENA HAMPTON, ET AL. | Magistrate Judge Carol B Whitehurst |

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is the "Motion to Dismiss Under Federal Rule 12(b)(6)" [Doc. 15] filed by defendants Louisiana United Methodist Children and Family Services, Inc. ("United Methodist"), Maleena Hampton, Dana Castille, and Chatara Williams (hereinafter, "defendants"). The motion is opposed by plaintiff Gethsemane Polk [Doc. 18], and defendants filed a reply brief [Doc. 19]. For the following reasons, it is RECOMMENDED that the Motion to Dismiss – which seeks to dismiss the plaintiff's claims against all defendants in the consolidated lawsuits -- be GRANTED.

### I.   FACTUAL BACKGROUND

The plaintiff filed three separate lawsuits,[1] which all set forth virtually the same allegations, that is, that the defendants discriminated against her by refusing to

---

[1] In addition to the instant lead case, the consolidated member lawsuits are: *Gethsemane Polk v. Chatara Williams*, Civil Action No. 22-1392 and *Gethsemane Polk v. Dana Castine, et al.*, Civil

1

allow her to continue fostering children through United Methodist. Specifically, the plaintiff alleges that her certification to foster children was withdrawn after it was discovered that she used duct tape to restrain her own biological disabled child, but no action was taken against her when she allegedly restrained a non-disabled child in the Methodist foster program. Although the plaintiff does not cite to any governing law in her Complaint, in her briefing on the instant motion, the plaintiff appears to allege her claims under Title II of the Americans with Disabilities Act, 42 U.SC. §§12101, *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). In her pleadings, the plaintiff asks that her certification to foster children be reinstated, and she seeks damages for intentional infliction of emotional distress.

## II. LAW AND ANALYSIS

### A. Legal Standard

The instant motion to dismiss seeks dismissal of all claims alleged against Maleena Hampton, Dana Castine, Chatara Williams, and United Methodist in the three consolidated lawsuits.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547

---

Action No. 22-1582. All three lawsuits are consolidated in the lead case, *Gethsemane Polk v. Maleena Hampton, et al.*, Civil Action No. 22-1357, *see* Docket No. 10.

(2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id*. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto.

Fed.R.Civ.P. 12(b)(6).  The Fifth Circuit allows courts to consider "[d]ocuments that a defendant attaches to a motion to dismiss [to be] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000), citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir.1993).

In the instant case, the plaintiff attaches exhibits to her opposition to the motion to dismiss, however, because these documents are not referenced in the plaintiff's Complaint, they cannot be considered by this Court.

### B. Analysis

#### 1. §504 of the Rehabilitation Act and Title II of the American with Disabilities Act

Section 504 of the Rehabilitation Act prohibits excluding or denying people with disabilities "the benefits of, or [to] be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."  29 U.S.C. §794. Title II of the ADA states that "no qualified individual with a disability shall by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §12132.  Both statutes seek to eliminate discrimination in various institutions by requiring covered entities to provide reasonable accommodations to a qualified individual with a disability and prohibiting covered entities from discriminating against the same. *Pace,* 403 F.3d

at 288. Under the express language of the statues themselves and well-established jurisprudence, "Section 504 applies to entities receiving federal financial assistance, while Title II of the ADA applies to public entities . . .". *Smith*, 2006 WL 3395938, at n. 7.

"Although differences exist between Section 504 . . . and Title II . . . the substance of these statutes . . . is sufficiently similar so as to permit a single analysis. *Smith ex rel. C.R.S. v. Tangipahoa Par. Sch. Bd.*, 2006 WL 3395938, at *5 (E.D. La. Nov. 22, 2006), *citing Toyota Motor Mfg., Kentucky, Inc. v. Williams,* 534 U.S. 184, 193-94 (2002) (overturned on other grounds due to legislative action in U.S. Pub. L 110-325, January 1, 2009). *See also Pace v. Bogalusa City School Bd.,* 403 F.3d 272, 287-88 (5th Cir.2005), *cert. denied,* 126 S.Ct. 416 (2005) (noting that the rights and remedies afforded to plaintiffs under Title II of the ADA and Section 504 of the Rehabilitation Act are nearly identical); *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 676 (5th Cir. 2004) ("The remedies, procedures and rights available under title II are those available under Section 504. 42 U.S.C. §12133.").

    a.    **Title II of the ADA**

Under Title II, a "public entity" is a state or local government, agency or department of a state or local government, and select railroad and commuter authorities. 42 U.S.C. §12131(1). *See also Prim v. Stein*, 6 F.4th 584, 594 (5th Cir. 2021). In order to properly raise a claim under Title II of the ADA, a plaintiff must

establish that (1) defendant is a covered entity; (2) plaintiff is bringing suit on behalf of a qualified individual with a disability; and (3) defendant has unlawfully discriminated against plaintiff on the basis of a disability. *Smith*, 2006 WL 3395938, at *6. *See also Rhodes v. Ohio High School Athletic Ass'n.,* 939 F.Supp. 584, 588 (N.D.Ohio 1996).

In this matter, United Methodist is a private, nonprofit corporation, and Hampton, Castine, and Williams are natural persons. Thus, these defendants are not public entities that provide public services or public accommodations within the meaning of the ADA. For this reason, the plaintiff cannot state a claim against these defendants under Title II, and these claims must be dismissed.

### b. Section 504 of the Rehabilitation Act

Similarly, the plaintiff's claims against the same defendants are not cognizable under Section 504 of the Rehabilitation Act. United Methodist is a private, non-profit corporation that does not receive federal financial assistance, and the individual defendants are natural persons who have been sued in their individual capacities. Furthermore, the plaintiff does not allege that any of the defendants receives or directly benefits from federal financial assistance, a requirement under the Rehabilitation Act. *See, e.g., Lightbourn v. Cnty. of El Paso, Tex.*, 118 F.3d 421, 427 (5th Cir. 1997) ("We have held that to state a §504 claim a plaintiff must allege

6

that the specific program or activity with which he or she was involved receives or directly benefits from federal financial assistance.").

Furthermore, even if the plaintiff were to amend her Complaint to allege that any of the defendants received federal financial assistance, the plaintiff still would not state a claim, because she cannot establish that she was the intended beneficiary or participant of the federal assistance the defendants allegedly received. To recover under Section 504, the plaintiff must be a beneficiary of, or a participant in, a federally funded program or activity and the alleged discrimination must be in connection with that program or activity." *See, e.g., Miller v. Abilene Christian Univ. of Dallas*, 517 F.Supp. 437, 439 (N.D. Tex.1981); *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 676, n.8 (5th Cir. 2004).

In the instant case, the plaintiff alleges that she was discriminated against in connection with United Methodist's child fostering program because she was not allowed to participate as a foster parent after a child was removed from her care. Even assuming *arguendo* that United Methodist received federal financial assistance for its child fostering program, the plaintiff cannot establish that she was the intended beneficiary of the program. Rather, the intended beneficiaries of this program are children who are in need of foster homes, not the parents that United Methodist permits to foster children. Here, the plaintiff is not a child who was refused access to the United Methodist foster program because of a disability, nor is she bringing

7

suit on behalf of any child who was denied access to United Methodist's program due to a disability. For the foregoing reasons, the plaintiff's claims under Section 504 must be dismissed.

### III. CONCLUSION

Considering the foregoing,

**IT IS RECOMMENDED** that the Motion to Dismiss Under Federal Rule 12(b)(6)" [Doc. 15] filed by defendants Louisiana United Methodist Children and Family Services, Inc., Maleena Hampton, Dana Castille, and Chatara Williams be GRANTED, and that the plaintiff's claims against these defendants be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 19th day of December, 2022 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE